## Sharps's Estate.    Myers's Appeal.

*Will—Income—Perpetuities—Accumulations—Distribution.*

Testatrix directed as follows : " I give the remainder of my property in trust for the only use of my grandson Rollin and my granddaughter, Fannie, and their heirs; the said trustee to pay over to the said Rollin and Fannie and their heirs, the annual income from said property after deducting taxes and necessary repairs.    This trust shall continue during the lifetime of my son-in-law, Lawrence Myers, the father of Rollin and Fannie, and at his death, in case his estate and property shall be divided or left in such manner that it shall be divided and distributed about equally among his four children, Rollin, Oscar, Maggie and Fannie, share and share alike, then in that case it is my will and desire that my estate herein devised in trust shall be equally divided and distributed share and share alike among my grandchildren, the said Rollin, Oscar, Maggie and Fannie Myers, but, however, in case the property and estate of said Lawrence Myers is not and shall not be divided and distributed about equally among the four said children, then in that case it is my will that my estate devised to said trustee shall be the property of my grandchildren Rollin and Fannie Myers and their heirs, and shall be equally divided between them share and share alike."    By a codicil Rollin's share was vested in a trustee (1) to hold and invest during his life; (2) to pay to him out of the accumulating fund $30 per month or more at the discretion of the trustee during his life; (3) after his death to pay $10 per month to his widow if he leaves any, during her widowhood; (4) then to his children if he leaves any; (5) if he die childless the whole to go to Fannie, Maggie and Oscar, their heirs and assigns.    At the death of testatrix all of the grandchildren were of age.    At the date of the audit Lawrence Myers and his four children were all living.    *Held,* that the accumulations directed by the codicil were invalid, and that the income from the trust estate was properly distributed to Rollin and Fannie.

Argued April 12, 1893.    Appeal, No. 69, July T., 1892, by E. Oscar Myers and Margaret Yeager, from decree of O. C. Luzerne Co., dismissing exceptions to adjudication in estate of Mary Ann Sharps, deceased.    Before STERRETT, C. J., GREEN, WILLLIAMS, McCOLLUM and THOMPSON, JJ.

Audit of trust estate.

The adjudication was as follows, by RHONE, P. J.:

" The decedent, Mary Ann Sharps, died on April 1, 1889, leaving a will.    The decedent left to survive her no husband nor children but four grandchildren named in the will, i. e, Rollin Myers, E. Oscar Myers, Margaret Yeager and Fannie Townend.    The fund for distribution is the income of this estate in the hands of the trustee, and, as per first partial account of trustee, confirmed absolutely May 22, 1891, amounts to $845.31.    There were no unpaid debts or claims of creditors presented against this fund.

" The portions of the will of the decedent which are pertinent to this distribution read as follows, viz.:

" ' Item. I give the remainder of my property unto Alexander Pringle in trust for the only use of my grandson Rollin and my granddaughter, Fannie, and their heirs; the said trustee to pay over to said Rollin and Fannie and their heirs, the annual income from said property after deducting taxes and necessary repairs.    This trust shall continue during the lifetime of my son-in-law, Lawrence Myers, the father of Rollin and Fannie, and at his death, in case his estate and property shall be divided or left in such manner, that it shall be divided and distributed about equally among his four children. Rollin, Oscar, Maggie and Fannie, share and share alike, then in that case it is my will and desire that my estate herein devised in trust shall be equally divided and distributed share and share alike among my grandchildren, the said Rollin, Oscar, Maggie and Fannie Myers, but, however, in case the property and estate of said Lawrence Myers, is not and shall not be divided or let in such a manner that it is or shall be divided and distributed about equally among the said four children, then in that case it is my will that my estate devised to said trustee shall be the property of my grandchildren Rollin and Fannie Myers and their heirs, and shall be equally divided between them share and share alike.

" ' Item. I hereby empower and direct my executor and trustee hereinafter named, whenever in his judgment it seems best, to lease my share of the coal and surface of the farm in Exeter township, Luzerne county, Pa., of which the late Joseph P. Schooley died seised, or to join the other owners of said land in

a lease or leases of said coal and surface, or either by himself or together with the other owners of said land or any member of them to sell, convey and give good and sufficient deeds for my interest or shares in said farm, and to invest the proceeds of said leases or sales in trust as aforesaid, he collecting and paying the interest annually to said Rollin and Fannie Myers in equal shares until the death of said Lawrence Myers, the whole trust fund to be thereupon divided as hereinbefore provided.'"

By codicil testatrix directed as follows:

"'8. All the estate which my grandson Rollin Myers might receive at any time under my foregoing will, I now will and direct that the whole of such estate shall be vested in Henry N. Schooley as trustee, and, in case of his failure or refusal to act, in such trustee as the orphan's court of Luzerne county may appoint. The said trustee to hold, receive, invest the same in such manner, and in such manner and in such securities as he may think best with full power to such trustee at any time to join with the other heirs of my estate under this will, in selling, leasing or in any way disposing and managing said trust estate, hereby authorizing said trustee to make and execute any deeds or papers which may become necessary to perfect the same, in trust to Henry Schooley, or his successor, in the trust, to hold such trust estate during the life of said Rollin Myers and to pay said Rollin Myers out of the same thirty dollars a month during his natural life, and more, if Rollin Myers in the judgment of said trustee may need more for his proper maintenance and support in sickness and health for himself and family. In trust also after death of Rollin Myers if he leaves a widow to survive him to pay said widow while she remains the widow of Rollin Myers, ten dollars per month during such time. In trust if Rollin Myers dies leaving children to pay the whole of said trust estate to the children of Rollin Myers their heirs and assigns. In trust also in case Rollin Myers dies childless to pay the whole of said trust fund to my grandchildren Fannie Townend, Maggie Bennett and Oscar Myers, their heirs and assigns equally, if upon the death of Lawrence Myers, my estate is divided among my grandchildren equally. But if upon the death of Lawrence Myers, my estate goes by my will to said Rollin Myers and Fannie Townend only then to pay and

turn over all such trust estate to Fannie Townend her heirs and assigns. The payment provided for Rollin Myers and his widow I direct shall not be anticipated or ever become liable for the debts of either.

" ' 9. All the estate which my granddaughter, Fannie Townend, might ever receive under my foregoing will or by this codicil from the share of Rollin Myers, I now will and direct that said Fannie Townend shall only have the use and income of such estate during her natural life and that the estate itself after her death shall belong to her children and their heirs and assigns equally. My intention being to give Fannie Townend only a life estate in the same and not the estate itself which otherwise she would receive under this codicil and my foregoing will.' "

A second codicil provided as follows:

" ' It is now my will, and I hereby give, devise and bequeath and direct that any estate which, under my will, my grandchildren, Oscar Myers, Maggie Bennett, and Fannie Townend, shall or may receive directly from me or eventually from the share of Rollin Myers, as provided in the codicil, that the said Oscar Myers, Maggie Bennett and Fannie Townend, shall only receive the rent, interest and income of each of their shares during the natural life of each, and at the death of each, the estate of such one shall belong to his or her children, and their heirs, and if any one dies without leaving children or issue of such children, then the share of such one to descend, according to the intestate laws of the state.

" ' All income from coal rents or royalties, I direct the same shall be considered as part of the estate itself, and shall be invested or placed at interest, and Oscar Myers, Maggie Bennett and Fannie Townend, shall receive only the interest arising from such coal rents or royalties during their natural life, and after the death of each, I direct the principal of such coal rents and royalties belonging to either so dying, shall be paid to the child or children, or their heirs, or descend as provided in this codicil. My intention by this codicil being to give to Oscar Myers, Maggie Bennett and Fannie Townend, only a life estate in any coal rents or royalties or other estate which either receive directly from me, or eventually from Rollin Myers, and that the coal rents or royalties and other estate shall remain,

1893.]                    Opinion of Court below.

be invested or put at interest, and finally belong to their children or their issue, if they have any.'

"It appeared at the hearing of the audit and from the accounts that Rollin S. Myers, one of the legatees under the will, had already been paid by the trustee under the provisions of the will the sum of $300. We find as matter of law in accordance with the opinion of the court, hereto attached, that after paying the cost of the clerk of the orphans' court in this proceeding, the balance of the fund is distributed to Rollin S. Myers and Fanny Townend in accordance with the items of the decedent's will and the aforesaid opinion. Distribution is made accordingly.

"We have by the original will a trust to pay income to Rollin and Fannie during the life of L. Myers and at his death to make distribution of the principal to them solely or in equal shares with two others, as may then be determined by the circumstances set forth in the will.

"By the first codicil the entire gift to Rollin is vested in a trustee, (1) to hold and invest during his life; (2) to pay to him out of the accumulating fund $30 per month or more at the discretion of the trustee during his life; (3) after his death to pay $10 per month to his widow if he leaves any, during her widowhood; (4) then to his children if he leaves any; (5) if he die childless the whole to go to Fannie, Maggie and Oscar, their heirs and assigns, with certain added conditions as to the last two named. The payments to Rollin and his widow not to be anticipated.

"By the last codicil it is provided that the entire gift to Oscar, Maggie and Fannie shall consist only of the income for life with remainder ' to their children or their issue if they have any.'

"L. Myers is still living. Rollin is married; Oscar was married; Maggie is married but is childless; Fannie has two children who are minors. These legatees were all of age at the death of the testatrix and are still living.

"The accumulation of one half of the income as provided in the first codicil is void, and Rollin takes the same for life as provided in the original will. The accumulation as provided in said codicil is to continue during Rollin's life, and the life of any widow he may leave, and so this provision is void in toto:

Washington's Estate, 75 Pa. 102; McKee's Appeal, 96 Pa. 277; Carson's Appeal, 99 Pa. 325; Brooks's Estate, 140 Pa. 84.

" The original trust must remain. It is a rule of law and equity, that, where a vested estate is distinctly given, and there are annexed to it conditions, limitations, powers, trusts (including trust for accumulation) or other restraints relative to its use, management or disposal that are not allowed by law, it is these restraints and the estates limited on them that are void, and not the principal or vested estate. Philadelphia v. Girard, 45 Pa. 9; Ingersoll's Appeal, 86 Pa. 240.

" A codicil is but an addition to a will, is no revocation of it, except where it is inconsistent with it, or there be words of revocation. Alsop's Appeal, 9 Pa. 374.

" Under the view we have just taken of that feature of the first codicil, which violates the law against accumulations, we need not consider whether the same does or does not create in law a perpetuity.

" There was something said at the hearing about whether Rollin and Fannie each takes more than one fourth of the income during the life of L. Myers, but it seems to us there can be no doubt but that they take the entire income, for the will says, ' the said trustee to pay over to said Rollin and Fannie, or their heirs, the annual income arising from said property.' The whole scope and spirit of the trust comprehends exactly this purpose of the testatrix.

" The original trust has been sustained by a most striking precedent in Brooks's Estate, supra, and there is no feature of this trust which violates any positive rule of law, so far as we are able to see. 1 Rhone, 678. Personal property was never within the statute of uses. 1 Perry on Trusts, § 311.

" The coal rents are not to be considered income and as such payable to Rollin and Fannie, for the testatrix declares that they shall be considered as principal, or a part of the estate from which interest or income is to arise, just as the portial on a mortgage payable in installments remains principal. Without such express provision it might be otherwise. Eley's Appeal, 103 Pa. 300; Shoemaker's Appeal, 106 Pa. 392."

Exceptions to the adjudication were dismissed by the court.

*Errors assigned* were dismissal of exceptions, quoting them.

*A. R. Brundage,* for appellants.

*William A. Wilcox, Roswell H. Patterson* with him, for appellee.

PER CURIAM, May 1, 1893:

All the facts necessary to a proper understanding of this case, together with the reasons which induced the learned judge of the orphans' court to award the "annual income," in the hands of the trustee, to Rollin S. Myers and Fanny Townend,—two of decedent's grandchildren,—fully appear in his report as auditing judge. We think he was clearly right in his conclusions, and hence there was no error in overruling the exceptions filed by appellants and decreeing distribution accordingly. There is nothing in either of the specifications of error that requires discussion. Neither of them is sustained.

Decree affirmed and appeal dismissed at the costs of appellants.